STOUGHTON STATE BANK, Respondent, vs. CITY OF STOUGH-
TON, imp., Appellant.

*December 9, 1914—January 12, 1915.*

*Municipal corporations: Taking land for streets, etc.: Deduction of
benefits from damages: Subsequent assessment for benefits.*

Where a part of certain land is taken by a city for an alley, and in
the condemnation proceedings the special benefits resulting to
the landowner are, under sec. 899, Stats., deducted from the
amount awarded as damages, the city cannot thereafter, under
sec. 903, levy a special assessment upon the residue of the land
on account of the same special benefits.

APPEAL from a judgment of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

This action is brought by the plaintiff against the defendant
and the treasurer of Dane county to restrain the collection of
certain special assessments levied on plaintiff's property by
the common council of the city of *Stoughton.*

The plaintiff was the owner of certain property in the city
of *Stoughton* over which the defendant laid out and estab-
lished a public alley. The property was taken by condemna-
tion proceedings in which the jury assessed the damages by
appraising the property of the plaintiff so taken for an alley
and the damages which the plaintiff otherwise sustained by
reason of the taking of its property for such alley, and de-
ducted from such damages all special benefits plaintiff re-
ceived by reason of the laying out and opening of such alley.

Soon after such condemnation proceedings assessing plaint-
iff's damages and deducting therefrom the special benefits
plaintiff derived from the laying out of the alley, the com-
mon council of the city of *Stoughton* determined that the
plaintiff's property was specially benefited by the establish-
ment of this alley and levied a special assessment of the
amount of such benefits against this property, to be applied
in payment of the expense of establishing the alley. This

assessment so levied upon plaintiff's property was placed upon the city tax roll and payment demanded, which was refused. Upon default in payment of such special tax this assessment and levy were returned by the city treasurer to the county treasurer as delinquent and the county treasurer gave public notice exposing the plaintiff's property for sale at public auction for the nonpayment of delinquent taxes for 1911.

The circuit court found that this assessment against plaintiff's property was illegal and void and that it should be set aside and annulled, and held that the plaintiff was entitled to judgment perpetually enjoining the defendants from collecting or attempting to collect this assessment and that plaintiff recover its costs and disbursements from the defendant. From such judgment this appeal is taken.

For the appellant there were briefs by *Clancey & Loverud,* and oral argument by *E. K. Loverud.*

For the respondent the cause was submitted on the brief of *Rufus B. Smith.*

SIEBECKER, J.    The plaintiff commenced the action to restrain the collection of a special assessment which the defendant city levied and assessed upon the plaintiff's property for the purpose of paying the expenses, including the damages and costs, incurred by the city for the taking of private property and the laying out and opening of an alley which passes over a part of the plaintiff's property upon which this special assessment was levied.    The city of *Stoughton* under appropriate proceedings condemned and appraised lands of the plaintiff to be taken for the purpose of laying out and establishing a public alley.    In such proceeding it was also determined what damages the plaintiff otherwise sustained by reason of such taking of a part of plaintiff's property for this public purpose.    It appears that these questions were submitted to a jury duly impaneled in the county court of Dane county and that such jury rendered their verdict fixing sep-

arately the value of the plaintiff's land taken for the purpose of such alley and the damages the plaintiff otherwise sustained by reason of the taking of such land and the laying out of such alley over plaintiff's property. It also appears that in determining upon the last mentioned element of plaintiff's damage the jury were directed that in determining upon this amount in their verdict they should deduct from the amount of the damage the plaintiff actually sustained by the taking of its property for this public purpose the special benefits the plaintiff derived from such public improvement.

It is contended by the plaintiff that the city of *Stoughton* illegally imposed the tax here in question and wrongfully levied the same on its property as a special benefit resulting from the establishing, laying out, and opening of the proposed alley. This claim is made upon the ground that the plaintiff has paid the same by having the full amount of such special benefit deducted from the damages awarded to it in the condemnation proceeding instituted to take a part of its property for such alley. An examination of the facts and circumstances upon which the condemnation proceeding and this special assessment proceeding are based discloses that the special benefits which were ascertained and deducted in the condemnation proceeding from the damage plaintiff sustained from the taking of its property for the purpose of this alley, aside from the value of the land taken, were the same elements which constitute the special benefits for which the city assessed and levied the tax in question for the payment of expenses in laying out and opening this alley. Under the circumstances shown the special benefits considered and charged to plaintiff in the proceeding for condemnation under sec. 899, Stats., and the special benefits involved in the proceeding under sec. 903, Stats., and which were assessed and levied as a tax to pay the expenses of this public improvement, embrace and cover the same thing, in so far as the plaintiff's rights and burdens, as owner of this property, are involved. The manifest result of the city's action, by which it imposed the

tax upon plaintiff's property under sec. 903, Stats., is to compel the plaintiff to pay the benefits resulting to its property from the opening of this alley a second time. We see no escape from this conclusion. To permit the enforcement of this assessment and levy would result in an invasion of the plaintiff's constitutional right of receiving a just compensation for its property taken for a public use, in that the amount of such tax diminishes $\overset{\frown}{pro}$ *tanto* the compensation it was awarded for the property taken from it for such alley.

The circuit court properly awarded judgment declaring the assessment and levy of this tax on the plaintiff's property to be illegal and properly perpetually restrained the city of *Stoughton,* its officers, agents, and servants, and the defendant Robert W. Davis as county treasurer of Dane county, his agents and his successors in office, from collecting or enforcing the payment of such tax and from selling the plaintiff's lands for the nonpayment thereof.

*By the Court.*—The judgment appealed from is affirmed.